IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELYN B. N'JAI, | ) |
|         Plaintiff, | ) |
| v. | ) 2:16-cv-01018-NBF |
| BRIGHTSIDE ACADEMY CORPORATE OFFICE, DAWN BROOKINS, WILLIAM RAFALOSKI, ERIN MARTIN, WENDY REITTER, TAMIKA WILLIAMS, and JENNIFER DOE, | ) District Judge Nora Barry Fischer |
|         Defendants. | ) |

## **MEMORANDUM OPINION**

### I. INTRODUCTION

Presently before the Court is the Motion to Strike and Motion to Dismiss (Docket No. 17) filed by Brightside Academy Corporate Office, Dawn Brookins, William Rafaloski, Erin Martin, Wendy Reitter, Tamika Williams, and Jennifer Doe (*collectively*, "Defendants") in response to Plaintiff Jacquelyn B. N'Jai's August 9, 2016 Amended Complaint. (Docket No. 5). At Counts I – VI of her Amended Complaint, Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), as well as claims for breach of contract and defamation under Pennsylvania state law. This Court exercises subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367(a) (supplemental). For the following reasons, Defendants' motions shall be GRANTED, in part, and DENIED, in part.

### II. DISCUSSION

Defendants argue that many of the factual allegations pled by Plaintiff in support of her claims should be stricken from the record as scandalous and impertinent in accordance with Federal Rule of Civil Procedure 12(f), and that Plaintiff has otherwise failed to state claims upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

**A. Motion to Strike**

Rule 12(f) states that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Yet, motions to strike "are not favored." *Krisa v. Equitable Life Assur. Soc.*, 109 F.Supp.2d 316, 319 (M.D. Pa. 2000) (citations omitted). While possessing a considerable degree of discretion to grant such relief, courts must be mindful that the striking of a pleading or portion of a pleading is a "drastic remedy" and should "be used sparingly because of the difficulty of deciding a case without a factual record." *Karpov v. Karpov*, 307 F.R.D. 345, 349 (D. Del. 2015) (citing *Thornton v. UL Enters.*, 2010 WL 1005021 at *2 (W.D. Pa. Mar. 6, 2010); *Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 142 (E.D. Pa. 2011)). Courts must consider the liberal pleading standards of Federal Rule of Civil Procedure 8, and avoid striking material from pleadings unless it bears "'no possible relationship to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Id.* (citing *Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F.Supp.2d 404, 407 (W.D. Pa. 2011); *Eisai Co., Ltd. v. Teva Pharm. USA, Inc.*, 629 F.Supp.2d 416, 425 (D.N.J. 2009)).

Upon review of Plaintiff's Amended Complaint, the Court finds that the factual allegations to which Defendants object comprise a detailed summarization of Plaintiff's work environment, alleged disparate treatment by supervisory staff, alleged harassment by co-workers, and her oft-hindered attempts to perform job duties in accordance with employer policy and the law. That some of the factual allegations – if true – cast Defendants in a severely negative light

2

is not sufficient to warrant striking the allegations from the pleadings. "[U]nfair prejudice 'does not simply mean damage to the opponent's cause.'" *U.S. v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009) (quoting *Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 670 (3d Cir. 2002)). Thus, the Court does not find that Plaintiff's factual allegations at paragraphs 23 – 29, 96, 99 – 102, 107 – 16, 118, 124 – 36, 138 – 40, 144 – 46, 149 – 52, 155, 163, 173 – 75, 189, and 305 bear no possible relationship to the present controversy or are unduly prejudicial or scandalous. When construed liberally, as required by Rule 8, the allegations at issue "go to the heart of the litigation." *Karpov*, 307 F.R.D. at 349. Thus, Defendants' Motion to Strike will be denied.

### B. Motion to Dismiss

As to Defendants' motion to dismiss under Rule 12(b)(6), dismissal of a complaint or portion of a complaint is warranted when a claimant fails to sufficiently state a claim upon which relief can be granted. Avoiding dismissal under Rule 12(b)(6) requires a pleading party's complaint to provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge his or her claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 – 35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

In assessing the merits of a claim subject to a motion to dismiss, a court must engage in a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 – 11 (3d Cir. 2009). First, factual and legal elements of a claim must be distinguished. *Id.* Second, it must be determined whether the facts as alleged support a "plausible claim for relief." *Id.* In making the latter determination, the court must be mindful that the matter pleaded need not include "detailed factual allegations," *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555), and the court must construe all alleged facts, and draw all inferences gleaned therefrom, in the light most

3

favorable to the non-moving party. *Id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). Moreover, a pleading party need only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler*, 578 F. 3d at 213 (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)). A well-pleaded complaint, even when "it strikes a savvy judge that actual proof of…facts is improbable," will not be dismissed as long as the pleader demonstrates that his or her claim is plausible. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 555 – 56).

Nevertheless, the facts provided do need to raise the expectation of relief above a purely speculative level, and must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Phillips*, 515 F.3d at 231 – 32 (quoting *Twombly*, 550 U.S. at 554 – 56). Rule 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.* at 232. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler*, 578 F.3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In the Motion to Dismiss, it is first argued that those individually named Defendants – Dawn Brookins, William Rafaloski, Erin Martin, Wendy Reitter, Tamika Williams, and Jennifer Doe – should be dismissed, because Title VII, the ADA, and the ADEA do not provide for claims against these individuals. (Docket No. 17 at 3 – 5). With respect to Title VII, the ADA, and the ADEA, Defendants are correct, and the claims at Counts I, II, and VI will be dismissed as to Dawn Brookins, William Rafaloski, Erin Martin, Wendy Reitter, Tamika Williams, and Jennifer Doe. *See Gretzula v. Camden Cnty. Technical Sch. Bd. of Educ.*, 965 F.Supp.2d 478, 484 (D.N.J. 2013)) (quoting *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078

(3d Cir. 1996) ("Third Circuit jurisprudence is clear that…'Congress did not intend to hold individual employees liable under Title VII.'"); *Owens v. Armstrong*, 171 F.Supp.3d 316, 331 (D.N.J. 2016) (citing *Boggi v. Med. Review and Accrediting Council*, 415 F.App'x 411, 415 (3d Cir. 2011); *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002)) ("The ADA does not create private causes of action against individuals."); *Rodrock v. Moury*, 379 F.App'x 164, 166 (3d Cir. 2010) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 246 n. 29 (3d Cir. 2006)) ("'[T]he ADEA does not provide for individual liability.'"). Additionally, the claims against these Defendants will be dismissed with prejudice, because any attempt at amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

As to Defendants' next contention that the FLSA does not apply to Dawn Brookins, William Rafaloski, Erin Martin, Wendy Reitter, Tamika Williams, and Jennifer Doe (Docket No. 17 at 4 – 5), this Court has previously held that the term "employer" is defined "broadly enough to include 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" *Castellino v. M.I. Friday, Inc.*, 2012 WL 2513500 at *3 (W.D. Pa. June 29, 2012) (quoting 29 U.S.C. § 203(d)). Thus, liability has been extended to individuals as well as employer entities. *Id.* (citing *Hewitt v. Willingboro Bd. of Educ.*, 421 F.Supp.2d 814, 817 n. 4 (D.N.J. 2006); *Kilvitis v. Cnty. of Luzerne*, 52 F.Supp.2d 403, 412 – 14 (M.D. Pa. 1999)). Relevant factors that a court must consider in determining whether or not an individual may be an "employer" include: "whether the individual has the power to hire and fire the aggrieved employee, whether he or she supervises or controls the employee's work schedule and conditions of employment, whether he or she determines the rate and method of the employee's compensation and whether he or she maintains the employee's employment records." *Id.* (citing *Hayberger v. Lawrence Cnty. Adult Probation & Parole*, 667 F.3d 408, 418 (3d Cir. 2012)).

5

The Court finds that Plaintiff advances sufficient factual matter to satisfy the FLSA as to Dawn Brookins, the "director;" William Rafaloski, an "educational manager;" Wendy Reitter, an "educational manager;" and Jennifer Doe, "from corporate" – all of whom are identified as individuals exercising control over Plaintiff's hiring and firing, terms and conditions of employment, and work schedule. However, Plaintiff fails to plead sufficient factual matter to establish either Erin Martin or Tamika Williams as conceivable "employers" under the FLSA. As such, the FLSA is dismissed with respect to Erin Martin and Tamika Williams; however, the dismissal will be without prejudice, as Plaintiff may be able to plead facts which demonstrate that they qualify as "employers" under the FLSA.

In terms of the claim for breach of contract, Defendants argue that Plaintiff fails to explain how Dawn Brookins, William Rafaloski, Erin Martin, Wendy Reitter, Tamika Williams, and Jennifer Doe breached a contract to which they were not parties. (Docket No. 17 at 6 – 7). In order to state a cause of action for breach of contract under Pennsylvania law, Plaintiff "must allege: '(1) the existence of an agreement, including its essential terms; (ii) a breach of a duty imposed by that agreement; and (iii) damages resulting from the breach.'" *Geesey v. CitiMortgage, Inc.*, 135 F.Supp.3d 332, 343 (W.D. Pa. 2015) (quoting *Ware v. Rosedale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003)). Plaintiff has not demonstrated the existence of an agreement between any of the above Defendants and her. The breach of contract claim will, therefore, be dismissed as to Dawn Brookins, William Rafaloski, Erin Martin, Wendy Reitter, Tamika Williams, and Jennifer Doe. This claim will be dismissed with prejudice as to these Defendants, because any attempt at amendment would be futile. *Grayson*, 293 F.3d 108.

Defendants also argue that Plaintiff failed to exhaust her administrative remedies with respect to her ADA claim, because the ADA was not explicitly referenced in her EEOC charge.

(Docket No. 17 at 5 – 6). However, a review of the charge (Docket No. 17-1 at 3 – 4) reveals that Plaintiff twice alleges discrimination due to her "perceived disability." This is sufficient to demonstrate exhaustion of administrative remedies for purposes of defeating a motion to dismiss. *See Barzanty v. Verizon PA, Inc.*, 361 F.App'x 411, 414 (3d Cir. 2010) (A plaintiff is not precluded from "asserting a claim for the mere failure to check a box on an EEOC Charge Form."); *Chase v. City of Phila.*, 611 F.App'x 67, 68 n. 4 (3d Cir. 2015) (citing *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009)) ("[T]he Court has an obligation to liberally construe the submission of a pro se litigant.").

Finally, with respect to the surviving claims against the remaining Defendants, the Court will deny Defendants' Motion to Dismiss, having found that Plaintiff adduced adequate factual matter to sustain her claims at this stage in the litigation, so that the matter may proceed through discovery.

### III. CONCLUSION
### IV.

The Court will deny Defendants' Motion to Strike because the contested factual allegations are not unduly prejudicial, and cannot be said to bear no possible relationship to the present controversy; indeed, the allegations at issue "go to the heart of the litigation." The Court will, however, grant the Motion to Dismiss to the extent Defendants seek dismissal of the Title VII, ADA, ADEA, and breach of contract claims against Dawn Brookins, William Rafaloski, Erin Martin, Wendy Reitter, Tamika Williams, and Jennifer Doe. Said dismissal shall be with prejudice. The Court will also dismiss the FLSA claim as against Erin Martin and Wendy

Reitter, without prejudice. The Motion to Dismiss is otherwise denied with respect to the surviving claims against the remaining Defendants.

An appropriate order follows.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.

    Jacquelyn B. N'Jai
    nj0216@aol.com
    (email)
    P.O. Box 10133
    Pittsburgh, PA 15232
    (regular mail)